UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISH NETWORK L.L.C., ECHOSTAR
TECHNOLOGIES L.L.C. and
NAGRASTAR LLC,

    Plaintiffs,

v.                                                  Case No:   6:14-cv-1442-Orl-40TBS

SHAILENDRA SINGH,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiffs' Motion for Default Judgment (Doc 25).  Upon due consideration I respectfully recommend that the motion be **granted**.

### Background

On September 4, 2014 Plaintiffs filed this action against Defendant Shailendra Singh aka Anil Singh for unlawfully circumventing the DISH Network security system and receiving copyrighted, subscription-based DISH Network satellite television programming without authorization and without payment to DISH Network (Doc. 1).  Plaintiffs allege that Defendant accomplished this in part by subscribing to a pirate television service known as NFusion Private Server ("NFPS") which allowed Defendant to illegally decrypt DISH Network's satellite signal and view copyrighted satellite television programming without authorization from DISH Network (Id.).  Defendant was served, failed to appear, and on February 23, 2015, the Clerk of Court entered a default against him (Doc. 24).  On March 17, 2015, Plaintiffs filed the pending motion for default judgment against Defendant (Doc. 25).  The motion is supported by declarations from computer forensics

firm representative, Steven Rogers, and Gregory Duval, supplier of the proprietary encryption technology used by Plaintiffs (Docs. 27, 28).

### A. Appropriateness of the Clerk's Entry of Default

The entry of a default by the Clerk does not necessarily require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). Along with the requirement that the Clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for default judgment. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. DIRECTV, Inc., 359 F. Supp. 2d at 1206. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

Federal Rule of Civil Procedure 4 sets out the rules regarding the service of process in a federal action. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

According to the return of service filed on January 29, 2015, Defendant was personally served on January 26, 2015 (Doc. 22).   Pursuant to the guidelines established in Rule 4(e), service on Defendant was proper.   Upon being served with the summons and complaint, he was required to respond on or before March 19, 2015.   See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]").   Defendant has failed to respond and the time to do so has passed.   A clerk's default was entered against Defendant on February 23, 2015 (Doc. 24).   Based on the foregoing, I find that Defendant's default was properly entered.

The Servicemembers Civil Relief Act ("SCRA") does not prevent entry of default judgment against Defendant.   In a declaration filed in support of the motion for default judgment, Plaintiffs' counsel Christopher P. Craven states that he searched for Defendant in the SCRA database and learned that Defendant is not on active duty in the United States military or otherwise exempt under the SCRA. (Doc. 23-1 ¶¶ 11-12; Doc. 23-3). This declaration satisfies the SCRA's affidavit requirement.   See 50 U.S.C. Appx. § 521(b)(1)(A), (c).

    B.  Entry of Default Judgment is Proper

In the complaint, Plaintiffs allege that Defendant violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1); the Federal Communications Act, 47 U.S.C. § 605(a); and the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1)(a) and 2520 (Doc. 20).   Plaintiffs seeks default judgment against Defendant's under the ECPA, which is Count III of the amended complaint (Docs. 20, 25-26).

Section 2511(1)(a) of the ECPA makes it unlawful for a person to "intentionally intercept" any "electronic communication."[2]  Section 2520 creates a private right of action for violations of section 2511.  Direct TV, Inc v. Bennett, 470 F.3d 565, 569 (5th Cir. 2006).  Encrypted broadcasts of satellite television programming, such as those transmitted by DISH Network, constitute "electronic communications" under the ECPA. DISH Network LLC v. Scott, Case No. 11-CV-00500A(F), 2013 U.S. Dist. LEXIS 148478, at *5-6 (W.D.N.Y. Sept. 26, 2013) (citing DISH Network LLC v. DelVecchio, 831 F. Supp. 2d 595, 598 (W.D.N.Y. 2011)); DISH Network LLC v. Williamson, Case No. 3:13-cv-50-TAV-CCS, 2013 WL 6119222, at *4 (E.D. Tenn. Nov. 21, 2013) (citing United States v. Macom Video Cipher II, 985 F.2d 258, 260-61 (6th Cir. 1993)); DirectTV Inc. v. Nicholas, 403 F.3d 223, 225 (4th Cir. 2005).

To sustain a cause of action for the violation of Title I of the ECPA, the plaintiff must show that the defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device."  Blumofe v. Pharmatrak, Inc. (In re Pharmatrak, Inc. Privacy Litig.), 329 F.3d 9, 18 (1st Cir. 2003).

Plaintiffs have alleged that Defendant has been intentionally circumventing their security system and receiving satellite broadcasts of copyrighted television programming without paying the required subscription fee (Doc. 20 ¶ 8).  Plaintiffs allege Defendant was able to accomplish this by intentionally subscribing to NFPS, a pirate television service, through which he illegally obtained DISH Network's control words or "keys," which he then used to decrypt DISH Network's satellite signal and view DISH Network

---

[2] This statute has been deemed unconstitutional as applied in certain circumstances unrelated to the issue presently before the Court, but it has not been determined to be unconstitutional on its face.  See Hutton v. Woodall, --- F. Supp. 3d ---, 2014 WL 4961458, at *5 (D. Colo. Oct. 3, 2014).

programming without authorization (Id.).   I find that the well-pleaded allegations in Count III of the amended complaint are sufficient to state a cause of action against Defendant for violation of the ECPA.

### C.  Statutory Damages

Plaintiffs maintain that DISH Networks should be awarded $10,000 in statutory damages for Defendant's violation of the ECPA (Doc. 26 at 5).   Section 2520(c)(2) authorizes statutory damages where, as here, a scrambled or encrypted electronic communication has been intentionally intercepted.   18 U.S.C. § 2520(c)(1)-(2).   Under the statute, a court may award damages at an amount that is the greater of "(A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." Id. § 2520(c)(2).   Congress has given courts discretion to determine whether the award of damages is appropriate, but the statute does not authorize the court "to grant anything other than the damages permitted by the statute."   See Id.; DelVecchio, 831 F. Supp. 2d at 601; DirectTV, Inc. v. Huynh, 318 F. Supp. 2d 1122, 1132 (M.D. Ala. 2004).   In deciding whether to award damages the Court may consider the severity of the violation, any actual damage, the level of privacy intrusion, the competing financial burdens of the parties, whether a reasonable purpose prompted the violation, and whether the imposition of statutory damages serves any useful purpose.   See DirectTV, Inc. v. Rawlins, 523 F.3d 318, 325-26 (4th Cir. 2008); see also DirectTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1348 (M.D. Fla. 2003).

Plaintiffs have demonstrated sufficient basis to support an award of damages at the statutory rate (Doc. 26 at 9-11).   There is nothing in the record to establish an entitlement to damages that exceed the statutory amount or one that would be based on

the number of days Defendant violated the ECPA.  See DISH Network LLC v. Gonzalez, No. 1:13-ccv-00107-LJO-SKO, 2013 WL 2991040, at *6-7 (E.D. Cal. June 14, 2013). Therefore, I respectfully recommend that the district judge award Plaintiffs damages in the amount of $10,000.

### D. Permanent Injunction

Plaintiffs also request that this Court enter a permanent injunction against Defendant, as permitted in the ECPA (Doc. 26 at 11-15) (citing 18 U.S.C. § 2025(b)(1)). The entry of a permanent injunction is appropriate if a plaintiff can show

> (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; (3) irreparable harm will result if the court does not order injunctive relief; and (4) if issued, the injunction would not be adverse to the public interest.

Thomas v. Bryant, 614 F.3d 1288, 1317 (11th Cir. 2010).

As explained in section B, supra, I have considered Plaintiffs' well-pled allegations and the record evidence and find that they support the entry of judgment against Defendant for violations of the ECPA; thus, establishing the first prong.   Legal remedies are inadequate in cases where a defendant's conduct has resulted in the loss of good will, loss of the ability to control business reputation, and lost profits.  BellSouth Tellecomms., Inc. v. MCIMetro Access Transmission Servs., LLC, 425 F.3d 964, 970 (11th Cir. 2005); Ferrelgas Partners, L.P. v. Barrow, 143 F. App'x 180, 190 (11th Cir. 2005).   The public's interest in enjoining continual violations of federal law and curbing the piracy of copyrighted material outweighs Defendant's interest in being allowed to do so freely and unrestrained.   Accordingly, I respectfully recommend that the district court

enter a permanent injunction against Defendant prohibiting him from engaging in the actions recited in Plaintiffs' complaint.

## Recommendation

Accordingly, I respectfully recommend that the district court

1. **GRANT** Plaintiffs' Motion for Default Judgment on Count III of the amended complaint (Doc 25);

2. **AWARD** Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC statutory damages in the amount of $10,000 as to Defendant on Plaintiffs' claim under 18 U.S.C. §§ 2511(1)(a) and 2520;

3. **PERMANENTLY ENJOIN** Defendant from:

    a. intercepting Plaintiffs' satellite television transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing);

    b. assisting others in intercepting Plaintiffs' satellite television transmissions without Plaintiffs' authorization through any means including Internet Key Sharing (also known as Control Word Sharing); and

    c. testing, analyzing, reverse engineering, manipulating or otherwise extracting codes or other technological information or data from Plaintiffs' satellite television receivers, access cards, data stream or any other part or component of Plaintiffs' security system or other technology used to gain access to DISH Network programming including through the use of Internet Key Sharing (also known as Control Word Sharing);

3. **AWARD** Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C. and NagraStar LLC statutory damages in the amount of $10,000 as to Defendant on Plaintiffs'

claim under 18 U.S.C. §§ 2511(1)(a) and 2520; and

    4.   **DIRECT** the Clerk to **ENTER JUDGMENT** consistent with this Order, **TERMINATE** any pending motions, and **CLOSE** the file.

    **RECOMMENDED** in Orlando, Florida on March 31, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties